**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| OSCAR E. WEIGANG, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 1:21-cv-00271-NT |
| | ) |
| UNIVERSITY OF MAINE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On September 16, 2021, Plaintiff Oscar E. Weigang, Jr., acting *pro se*, filed with this Court a document entitled "Amendment to Complaint," listing the case number for a case that he had filed in 1980, *Weigang v. University of Maine*, 1:80-cv-01111-CKC (the "**1980 Case**"). Compl. (ECF No. 1). In this document, Mr. Weigang offered no explanation for how this case was related to the 1980 Case or any argument as to why amendment would be permitted almost forty years after that case was closed. Instead, he alleged that the Defendants (who are Selectmen of the Town of Eastbrook) violated his due process rights at two August 2021 Board of Selectmen meetings. Compl. 2–3. The issue at these meetings appears to be related to property taxes that Mr. Weigang and Betty Weigang paid beginning in 1996. Compl. Ex. 1 (ECF No. 1-1); Compl. Ex. 3 (ECF No. 1-3). With this submission, Mr. Weigang attaches what could charitably be construed as a motion for leave to amend his 1980 complaint, given his invocation of Federal Rule of Civil Procedure 15(a)(2). Letter (ECF No. 1-5).

In an effort to accommodate Mr. Weigang, as a *pro se* litigant, the Clerk of Court treated Mr. Weigang's paperwork as a Complaint (with accompanying exhibits) and assigned it docket number 1:21-cv-00271-NT. The Clerk's office then sent Mr. Weigang a letter that included a handbook designed to explain the litigation process to *pro se* litigants. Letter from Clerk's Office (ECF No. 2). That handbook clearly states:

> As of May 1, 2013, the current filing fee is $402. A credit card, money order, cashier's check, personal checks or cash are acceptable forms of payment. If you are unable to afford the filing fee and service costs, you may ask the Court to waive those fees and costs. To request this, you must file an Application for Leave to Proceed *In Forma Pauperis*. The Application for Leave to Proceed *In Forma Pauperis* incorporates an affidavit.

U.S. District Court for the District of Maine Information for *Pro Se* Parties ("**Pro Se Handbook**") 11. The handbook then goes on to provide more details about filling out an Application for Leave to Proceed *In Forma Pauperis* ("**IFP Application**"). *Pro Se* Handbook 11.

When he submitted his filing, Mr. Weigang did not tender a filing fee or submit an IFP Application. So, on September 21, 2021, Judge Nivison ordered Mr. Weigang pay the filing fee or submit an IFP Application. Order Regarding Filing Fee (ECF No. 3). Judge Nivison also put Mr. Weigang on notice that if he failed to choose one of these courses of action, the Court could dismiss his case. Order Regarding Filing Fee.

On October 4, 2021, rather than pay the filing fee or submit an IFP Application, Mr. Weigang moved to rescind Judge Nivison's September 21 order. Mot. to Rescind Order Regarding Filing Fee ("**Mot. to Rescind**") (ECF No. 5). In this motion, Mr. Weigang argued that the 1980 Case had never been dismissed or terminated and that

his amendment of his complaint in that case was "fully appropriate." Mot. to Rescind 1–2. He also noted that he had already been permitted to proceed *in forma pauperis* in the 1980 Case. Mot. to Rescind 2. Mr. Weigang also attached to his motion some paperwork related to his filing of a petition for certiorari in relation to the 1980 Case.[1] Mot. to Rescind Ex. A (ECF No. 5-1). Judge Nivison denied Mr. Weigang's motion, reasoning that the 1980 Case had been closed in 1982 and that Mr. Weigang had "not provided any basis that would support the reopening of th[at] case." Order (ECF No. 6).

Mr. Weigang then appealed Judge Nivison's denial, arguing that Judge Nivison had erred in concluding that the 1980 Case had been closed. Objs. Per Rule 72 to Magistrate's Order Regarding Filing Fee ("**First Obj.**") (ECF No. 7). It is difficult to understand the basis for Mr. Weigang's argument that his case had not been closed. He mostly references the statute of limitations of the civil rights claims that he brought in the 1980 Case, arguing that no such statute of limitations exists or that the statute of limitations had been tolled. First Obj. 2. He also attached similar paperwork as was attached to his motion to rescind and points to this paperwork to justify his contention that the 1980 Case was never closed. First Obj. 2; First Obj.

---

[1] Mr. Weigang also filed two other cases in this court in 1980, both of which were closed within a few weeks of their filing. *See Weigang v. McCarthy*, 1:80-cv-01112-ETG; *Weigang v. Beaulieu*, 1:80-cv-01163-ETG. Based on the Supreme Court paperwork that Mr. Weigang has attached to his motions, it appears that he sought Supreme Court review in one or more of the three cases that he filed. And it appears that he filed an interlocutory appeal in the *Weigang v. University of Maine* case. *See* Objs. to Magistrate's Recommended Decision Based on Pl.'s Failure to Prosecute Exs. 3 & 4 (ECF Nos. 16-4, 16-5). Because these cases are so old, it is difficult to discern what exactly transpired in these cases or what these petitions for certiorari involved. What is clear, however, is that Mr. Weigang's petitions for a writ of certiorari were denied on October 4, 1982, Objs. Per Rule 72 to Magistrate's Order Regarding Filing Fee Ex. I (ECF No. 7-1), and, as I explain in greater detail below, all three of his cases were closed over thirty-seven years ago.

3

Exs. I–III (ECF Nos. 7-1, 7-2, 7-3). Finding no error in Judge Nivison's disposition, I affirmed his order and ordered Mr. Weigang to pay the filing fee or file an IFP Application. Order Affirming the Order of the Magistrate Judge (ECF No. 8).

Rather than comply with this order, Mr. Weigang filed an Amended Complaint, again without paying the filing fee or filing an IFP Application. Am. Compl. (ECF No. 9). It appears that Mr. Weigang filed this Amended Complaint in order to add additional exhibits involving communications that occurred in 2021 and a deed that was signed in 2021 to the original Complaint. Am. Compl. Exs. 5–7 (ECF Nos. 9-1, 9-2, 9-3). Because Mr. Weigang had still failed to pay the filing fee or file an IFP Application, Judge Nivison issued an order for Mr. Weigang to show cause why he had failed to comply with the Court's earlier orders and why his case should not be dismissed. Order to Show Cause (ECF No. 10).

Mr. Weigang filed an objection to Judge Nivison's order and asked that these proceedings be held in abeyance while he sought "resolution of a claim of Clerical Error" with the Clerk of the Supreme Court. Obj. to Order Disposing of Mot. for Enlargement of Time, or Abeyance, to Show Cause 1 (ECF No. 13). Again seeing no error, I affirmed Judge Nivison's decision. Order Affirming the Order of the Magistrate Judge (ECF No. 14).

After Mr. Weigang failed to respond to the show cause order, Judge Nivison issued a decision recommending that Mr. Weigang's case be dismissed for failure to prosecute, emphasizing that Mr. Weigang had failed to comply with the Court's prior orders to (1) pay the filing fee or file an IFP application, and (2) show cause why he had not done so. Recommended Decision Based on Pl.'s Failure to Prosecute (ECF No.

4

15). Mr. Weigang has now filed an objection to Judge Nivison's recommended decision in which he continues to make the same arguments as in his previous filings. Objs. to Magistrate's Recommended Decision Based on Pl.'s Failure to Prosecute (ECF No. 16).

Mr. Weigang's principal argument is that the 1980 Case was never closed. That is not correct. On November 25, 1983, the Defendants in that case moved for summary judgment, and on October 2, 1984, Judge Cyr granted that motion. *Weigang*, 1:80-cv-01111-CKC (Dkt. Nos. 145, 161). Judgment was entered for the defendants against the plaintiff (Mr. Weigang) on October 3, and the case was closed. *Weigang*, 1:80-cv-01111-CKC (Dkt. No. 162).[2]

The Federal Rules of Civil Procedure only allow for a judgment to be modified in certain circumstances. *See* Fed. R. Civ. P. 59; Fed. R. Civ. P. 60. These modifications can only be made for specific reasons and within a narrow timeframe. And Mr. Weigang offers no basis for the idea that the judgment in the 1980 Case can be modified. For this same reason, the complaint in the 1980 Case cannot be amended. *See Ondis v. Barrows*, 538 F.2d 904, 909 (1st Cir. 1976) ("Most courts . . . have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or 60." (citation omitted)). For this reason, multiple courts have held that Rule 15 (the rule allowing for amendments to pleadings) does not apply to closed cases. *See id.*; *Pickens v.*

---

[2] Mr. Weigang also makes an argument that the claims in his 1980 case had no statute of limitations or were tolled. This argument is legally questionable. A § 1983 claim does have a statute of limitations, and it is based on state law. *Ouellette v. Beaupre*, 977 F.3d 127, 135 (1st Cir. 2020). Regardless, however, the statute of limitations for a cause of action is only relevant for initiating a suit. *See Álamo-Hornedo v. Puig*, 745 F.3d 578, 579 (1st Cir. 2014). As a result, the statute of limitations for Mr. Weigang's claims is beside the point here.

*Rogers*, Civil Case No. 1:19-cv-00267-MR, 2021 WL 252222, at *1 (W.D.N.C. Jan. 25, 2021) (citing cases).

Even assuming that the 1980 Case could be reopened, Mr. Weigang must seek leave of the Court to amend. *See* Fed. R. Civ. P. 15(a)(2). And the rules permit me to grant such "leave [only] when justice so requires." Fed. R. Civ. P. 15(a)(2). Mr. Weigang makes no attempt to explain why he should be granted leave, and I do not see how leave could be granted to amend a complaint from a case that was closed thirty-seven years ago in order to add allegations related to conduct that occurred decades after the case was closed.

For the reasons stated above, I concur with the recommendations of the Magistrate Judge. The Plaintiff's objection (ECF No. 16) is hereby **OVERRULED**. It is **ORDERED** that the Order of the Magistrate Judge is **AFFIRMED**. This case is **DISMISSED**.


SO ORDERED.

                                              /s/ Nancy Torresen
                                              United States District Judge

Dated this 23rd day of February, 2022.